# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PIONEER NATURAL RESOURCES USA, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-1107** |
| **DAVIS OFFSHORE, L.P., CALYPSO EXPLORATION, LLC, f/k/a STEPHENS PRODUCTION COMPANY, LLC, AND ATP OIL & GAS CORPORATION** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Davis Offshore, L.P.'s and Calypso Exploration, LLC's Rule 59(e) Motion to Alter or Amend Judgment awarding attorneys' fees Pioneer Natural Resources USA, Inc. (Doc. #27) is **DENIED.**

## BACKGROUND

This suit involves a dispute among Pioneer, Davis, Calypso, and ATP Oil & Gas Corporation, regarding who is responsible for the plugging and abandonment expenses related to two offshore oil and gas rigs located at the Clipper Prospect, Green Canyon Block 229 and 300 (West Half), on the Outer-Continental Shelf ("OCS") off the coast of Louisiana. It is before the court on Davis's and Calypso's motion to alter or amend this court's June 13, 2012, Order which awarded attorneys' fees to Pioneer in connection with their successful motion to compel arbitration. Davis and Calypso argue that there is no statutory or contractual provision that permits the attorneys' fees award.[1]

---

[1] Pioneer contends that Davis and Calypso did not address its request for attorneys' fees in their opposition to Pioneer's motion to compel arbitration. While Davis and Calypso did not address Pioneer's request for attorneys' fees in their opposition memorandum, they did address it at oral argument.

On September 17, 2004, Pioneer, Davis, and Calypso entered into the Clipper Offshore Operating Agreement ("COOA") "to jointly explore, develop and operate one or more OCS oil and gas leases." The COOA contains several provisions relating to arbitration. The first arbitration provision states:

> **22.10 Dispute Resolution Procedure**: The Parties agree that any claim, controversy or dispute arising out of, relating to or in connection with this Agreement, including the interpretation, validity, termination or breach thereof, shall be resolved solely in accordance with the Dispute Resolution Procedure set forth in Exhibit "H" to this Agreement.

Exhibit "H" of the COOA states, in pertinent part:

> **A**. *Description and Goals*. Arbitration as used in this statement is a procedure whereby an Arbitrator resolves any claim(s), controversy(ies) or dispute(s) (the "Dispute") between the Parties arising out of, relating to or in connection with the Green Canyon Block 229 Operating Agreement (hereinafter "Agreement") including the interpretation, validity, termination or breach thereof.
>
> **(i)** *Binding*. The arbitration process is binding on the Parties and this arbitration is intended to be a final resolution of any Dispute between the Parties as described above, to the same extent as a final judgment of a court of competent jurisdiction. Each Party hereby expressly covenants that it shall not resort to court remedies except as provided for herein, and for preliminary relief in aid of arbitration.
>
> **(ii)** *Violation*. A Party refusing to allow enforcement shall pay all legal and court costs (including attorney's fees) incurred by the other Party in connection with the enforcement of the final resolution of any Dispute under the Dispute Resolution Procedure. Suits, actions or proceedings in connection with such enforcement shall be instituted in the United States District Court for the Eastern District of Louisiana, and pursuant to Title IX of the United States Code. Each party waives any option or objection which it may now

> or thereafter have to the laying of the venue in any such suit, action or proceeding and irrevocably submits to the jurisdiction of such court in any such suit, action or proceeding.

After Pioneer, Davis, and Calypso conducted appraisal activities at the Clipper Prospect, Pioneer decided to cease its participation in the project. Pioneer notified Davis and Calypso of its intention to withdraw from the Clipper Prospect in December 2007. On February 9, 2008, Pioneer assigned all of its rights, title, and interests in leases, associated wells, and facilities to Davis and Calypso. Under the assignment, Davis and Calypso assumed all of Pioneer's obligations and liabilities under the COOA.

On May 30, 2008, Davis and Calypso assigned what was previously Pioneer's rights and obligations under the COOA, to ATP. The assignment and bill of sale expressly states that the assignee, ATP, agrees to be bound by the COOA's terms and conditions. In November 2011, Davis and Calypso assigned their interests in the Clipper Prospect to ATP, making ATP the sole owner of the Clipper Prospect.

On February 12, 2012, Davis and Calypso wrote to Pioneer and ATP requesting that Pioneer "fulfill its withdrawal obligations by paying to Davis and [Calypso] its estimated share of the costs to plug and abandon the wells drilled under the Clipper COOA and in which Pioneer participated (the 'Payment Withdrawal Obligation')." On February 15, 2012, ATP wrote to all parties indicating that Pioneer should pay ATP, not Davis and Calypso, the plugging and abandonment costs for any wells drilled pursuant to the COOA. ATP further stated that if Pioneer paid Davis and Calypso under a settlement from which ATP was not a party, ATP would consider Pioneer's plugging and abandonment obligations "outstanding and unsatisfied."

3

On April 23, 2012, Davis and Calypso wrote to Pioneer invoking arbitration under the COOA. Davis and Calypso did not send a letter to ATP invoking arbitration because they believed that ATP waived its right to proceed to arbitration by declining to participate in a pre-arbitration meeting with each party's management representatives.[2] On May 1, 2012, Pioneer wrote to Davis and Calypso agreeing to arbitrate and gave notice of its intention to file counterclaims against them in the arbitration proceeding. Pioneer also stated that ATP was a mandatory party to the arbitration proceeding under the COOA's terms and conditions. On the same day, Pioneer wrote to ATP giving notice that it joined ATP as a third-party respondent to the arbitration proceeding because: (1) ATP invoked the COOA's Dispute Resolution Procedure by asserting a claim for plugging and abandonment expenses against Pioneer; and, (2) ATP contractually committed to arbitration as the sole and exclusive process for resolution of any claim, controversy, or dispute arising out of, relating to, or in connection with the COOA.

On May 1, 2012, Pioneer filed this suit in the United States District Court for the Eastern District of Louisiana alleging that: (1) the dispute regarding the plugging and abandonment expenses is an issue for arbitration; (2) Pioneer, Davis, Calypso, and ATP must proceed to arbitration; and, (3) the COOA's terms mandate that Davis and Calypso refrain from selecting an arbitrator until ATP takes part in such selection. On May 25, 2012, Pioneer filed a motion to compel arbitration which incorporated arguments from its original complaint, and further stated that ATP did not waive its rights to proceed to arbitration. On June 5, 2012, ATP filed a memorandum in support of Pioneer's motion to compel arbitration stating that: (1) ATP agreed that arbitration is the appropriate venue

---

[2] ATP agreed to meet with each party's management representatives on the condition that one of the issues of the dispute would be to determine which party was owed plugging and abandonment expenses from oil and gas wells drilled pursuant to the COOA. Pioneer agreed to this condition while Davis and Calypso did not.

to resolve the plugging and abandonment dispute; and, (2) ATP did not waive its right to arbitration because conditions on pre-arbitration meetings do not constitute a waiver of arbitration.

Davis and Calypso agreed that arbitration is appropriate, but denied that ATP should be involved. They argued that because ATP was not a signatory of the COOA at the time of Pioneer's withdrawal from the Clipper Prospect, ATP is not a proper party to the arbitration between them and Pioneer.

On June 13, 2012, this court granted Pioneer's motion to compel arbitration and awarded it reasonable attorneys' fees against Davis and Calypso. Davis and Calypso filed a motion to alter or amend the judgment as to the award of attorneys' fees. They do not contest this court's order compelling arbitration.

## ANALYSIS

**A.    Legal Standard**

Davis and Calypso have moved the court to reconsider its ruling on awarding reasonable attorneys' fees to Pioneer in connection with its successful motion to compel arbitration. A judgment awarding an unspecified amount of attorneys fees is interlocutory in nature. Echols v. Parker, 909 F.2d 795, 798 (5th Cir. 1990) (citing Deloach v. Delchamps, Inc., 897 F.2d 815, 826 (5th Cir. 1990)).

Rule 54(b) of the Federal Rules of Civil Procedure states, in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Under this rule, the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." Melancon v. Texaco, Inc., 659 F.2d 551, 553 (5th Cir. 1981). However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays. See Calpecto 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1414-15 (5th Cir. 1993); 18B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4478.1(2d ed. 2002).

The general practice in the United States District Court for the Eastern District of Louisiana has been to evaluate motions to reconsider interlocutory orders under ths same standards that apply to motions to alter or amend final judgments made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. See Rosemond v. AIG Ins., 2009 WL 1211020, at *2 (E.D. La. 5/4/09) (Barbier, J.); In re Katrina Canal Breaches, 2009 WL 1046016, at *1 (E.D. La. 4/16/09) (Duval, J.); Castrillo v. Am. Home Mortg. Servicing, Inc., 2010 WL 1434398, at * 3-4 (E.D. La. 4/5/10) (Vance, J.). A Rule 59(e) motion calls into question the correctness of a judgment. In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." In re Transtexas Gas Corp., 303 F.3d at 581. "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." In re Self, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).

**B.    Applicable Law**

Pursuant to the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, et seq., the court must apply the law of the state that is adjacent to the area of the Outer Continental Shelf upon which the dispute arose, to the extent that it does not conflict with federal law and maritime

law does not apply of its own force. 43 U.S.C. § 1333(a)(1)-(2). Because the Clipper Prospect, Green Canyon Block 229 and 300 (West Half), is adjacent to Louisiana, Louisiana contract law is consistent with federal law, and maritime law does not apply, Louisiana contract law applies to this matter.

**C.     Awards of Attorneys' Fees**

Under Louisiana law, a party may recover attorneys' fees only when the award is authorized by statute or by contact. Homestead Ins. Co. v. Guar. Mut. Life Co., 459 Fed. Appx. 398, at *5 (5th Cir. 2012) (citing Sher v. Lafayette Ins. Co., 988 So.2d 186, 201 (La. 2008) ("Louisiana courts have long held that attorney's fees are not allowed except where authorized by statute or contract)) (other citations omitted). Breach of contract actions are not exceptions to this rule, and "if the parties fail to expressly provide an obligation to pay attorney's fees, the law will not imply one." Id. (citing Maloney v. Oak Builders, Inc., 235 So.2d 386, 390 (La. 1970); Rutherford v. Impson, 366 So.2d 944, 947 (La. Ct. App. 1978)). Further, attorneys' fees statutes are strictly construed because an award of attorneys' fees is exceptional and penal in nature. Id. (citing Cracco v. Barras, 520 So.2d 371, 372 (La. 1988); Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014, 1015-16 (La. 1984)).

In this case, there is no argument from any party that an award of attorneys' fees is authorized by statute. Instead, the parties dispute whether such an award is authorized by the COOA. The COOA provides, in pertinent part:

> A Party refusing to allow enforcement shall pay all legal and court costs (including attorney's fees) incurred by the other Party in connection with the enforcement of the final resolution of any Dispute under the Dispute Resolution Procedure.

7

Pioneer argues that an award of attorneys' fees for an action to compel arbitration is justified under the COOA because the terms "enforcement of the final resolution" should be read to encompass the entire arbitration process, from compelling the arbitration through the litigation of the action and eventual enforcement of the arbitrator's judgment. Davis and Calypso, on the other hand, argue that an award of attorneys' fees is not authorized under the COOA for actions to compel arbitration because the "enforcement of the final resolution" means the enforcement of the arbitrator's final decision.

Louisiana Civil Code article 2046 provides that "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." In this case, the terms of the COOA are clear and unambiguous. The contract clearly authorizes an award of attorneys' fees in connection with the enforcement of the final resolution of the dispute. There is no limitation on what encompasses the "final resolution of the dispute." Arbitration is required to properly resolve any dispute under the COOA. Filing an action to compel a proper arbitration when another party resists such arbitration is encompassed in the enforcement of the proper final resolution of a dispute under the COOA. Davis and Calypso resisted Pioneer's attempt to conduct an arbitration that included all parties to the COOA that have an interest in the dispute.[3] Therefore, an award of attorneys' fees is authorized under the contract for actions to compel arbitration, and Davis and Calypso's motion to alter or amend this court's June 13, 2012, order awarding reasonable attorneys' fees to Pioneer in connection with its successful motion to compel arbitration is DENIED.

---

[3] The arbitration agreement specifies that the arbitrator will decide any dispute arising under the COOA. Therefore, arbitrator must decide whether ATP is a proper party to the arbitration.

## CONCLUSION

**IT IS HEREBY ORDERED** that Davis Offshore, L.P.'s and Calypso Exploration, LLC's Rule 59(e) Motion to Alter or Amend Judgment awarding attorneys' fees Pioneer Natural Resources USA, Inc. (Doc. #27) is **DENIED.**

New Orleans, Louisiana, this 13TH day of July, 2012.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**